# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 24-6048 |
|---|---|
| Case Name | Valerie Eakins v. Whaleco Inc. dba Temu |
| Party or Parties Filing Notice of Appeal Or Petition | Whaleco Inc. dba Temu |
| Appellee(s) or Respondent(s) | Valerie Eakins |
| List all prior or related appeals in this court with appropriate citation(s). | None |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: March 5, 2024

2. Date notice of appeal was **filed**: March 18, 2024

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days per Fed. R. App. 4(a)(1)(A)

   a. Was the United States or an officer or an agency of the United States a party below? No

   b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   No

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? No

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? 9 U.S.C. § 16(a)(1)(B)

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed:    N/A

    **2.** Date petition for review was filed:

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order:

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority):

**C.** **APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed:    N/A

    **2.** Date notice of appeal was filed:
       (If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority):

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)

**II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

   **A.**   Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____N/A_____

   **B.**   If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

   **C.**   Describe the sentence imposed. _____

   **D.**   Was the sentence imposed after a plea of guilty? _____

   **E.**   If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

   **F.**   Is the defendant on probation or at liberty pending appeal? _____

   **G.**   If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

   **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Plaintiff filed a proposed class action under Oklahoma's Telephone Solicitation Act alleging that Defendant sent automated text messages to her without her prior express consent. Defendant runs an online marketplace where consumers can purchase products after creating an account through Defendant's website or smartphone application. Plaintiff downloaded Defendant's app and created an account. Defendant maintains that by doing so, Plaintiff agreed to Defendant's terms of use, including arbitration.

Accordingly, Defendant moved, under the Federal Arbitration Act, to compel Plaintiff to submit her claim to mandatory binding individual arbitration, and to stay or dismiss her action in favor of said arbitration. The district court denied Defendant's motion.

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

Whether Defendant's motion to compel should have been granted, i.e., whether Plaintiff should have been compelled to arbitrate her claim, under the Federal Arbitration Act and applicable Tenth Circuit precedent.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: Benjamin G. Shatz       Telephone: (310) 312-4383

Firm: Manatt, Phelps & Phillips, LLP

Email Address: bshatz@manatt.com

Address: 2049 Century Park East, Suite 1700, Los Angeles, CA 90067

*s/Benjamin G. Shatz*                    March 28, 2024
Signature                                Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, <u>  Benjamin G. Shatz                          </u>, hereby certify that on
[attorney for appellant/petitioner]

<u>    March 28, 2024     </u>, I served a copy of the foregoing **Docketing Statement**, to:
[date]

**Counsel for Plaintiff-Appellee Valerie Eakins**: Mary Quinn Cooper, maryquinn.cooper@mcafeetaft.com; Edwin Powell Miller, epm@millerlawpc.com; Kathy R. Neal, kathy.neal@mcafeetaft.com

**Counsel for Defendant-Appellant Whaleco Inc**: John Burkhardt Jr., John.burkhardt@schafferherring.com; Robert A. Stines, rstine@sgrlaw.com ,

by <u>        CM/ECF electronic service                    </u>.
[state method of service]

<u>s/Benjamin G. Shatz          </u>
Signature

<u>March 28, 2024              </u>
Date

Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Full name and address of attorney

402830868.1