No. 24-6048

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Valerie Eakins,
*Plaintiff-Appellee,*

v.

Whaleco Inc. d/b/a Temu,
*Defendant-Appellant.*

On appeal from an Order Denying Arbitration
U.S. District Court, W.D. Oklahoma No. 5:23-cv-00560-J
The Honorable Bernard M. Jones

# APPELLANT TEMU'S REPLY IN SUPPORT OF MOTION TO STRIKE APPELLEE EAKIN'S SUPPLEMENTAL APPENDIX

Benjamin G. Shatz (BShatz@Manatt.com)
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119
(310) 312-4000 ♦ Fax (310) 312-4224

*Attorney for Appellant*
Whaleco Inc. d/b/a Temu

The Motion to Strike filed by Appellant Whaleco Inc. d/b/a Temu raises a question of proper appellate practice: What belongs in a supplemental appendix? Temu's position is that an appellate appendix should contain matters from the record made in the district court. *See* Fed. R. App. Proc. 10(a)(1) (an appendix contains "(A) the relevant docket entries ***in the proceeding below***; (B) the relevant portions of the ***pleadings, charge, findings, or opinion***; (C) the judgment, order, or decision ***in question***; and (D) other ***parts of the record*** to which the parties wish to direct the court's attention"); Fed. R. App. Proc. 30(a)(1) (expressly limiting appendix material to "parts of the record," i.e., documents from "the proceedings below"); 10th Cir. R. 10.4(A) ("***Only essential parts of the district court record*** should be designated for the record on appeal."); 10th Cir. R. 10.4(C) (listing required contents of appendix). A supplemental appendix is similarly limited, i.e., to documents that were before the district court but were omitted from the Appellant's Appendix. *See* Fed. R. App. Proc. 30.2(a)(1). Temu's position is that the rules are clear and this is not reasonably subject to debate.

Eakins purposefully ignores the simplest plain reading of the relevant rules, and indeed even the actual text of the rules. *Compare id.* ("An appellee who believes that the appellant's appendix omits items that should be included may file a supplemental appendix with the answer brief.") *with* Eakins' Opposition to the Motion to Strike ("Opp."),

2

at p. 3 (appellee's supplemental appendix "may contain items that the appellee believes should be included").

Eakins instead uses her Supplemental Appendix to contain a court decision that post-dates matter in the underlying district court decision, from a different district court, and which is readily available on Westlaw (as seen by Eakins' own citation to Westlaw, *see* Appellee's Answering Brief, at pp. vii, 12).

Temu does not dispute that Eakins is free to cite to the *Smith* decision—it is on Westlaw, after all. Nor does Temu dispute that parties can and should present new relevant authorities on appeal (e.g., via Fed. R. App. Proc. 28(j)). But that does not mean that a "supplemental appendix" is the proper mechanism by which to do so. Such an appendix is not meant to be a compendium of legal authorities, particularly as to cases for which the Court itself already has easy access. Nothing in this Court's local rule indicates that it allows for any divergence from the fundamental underlying notion of the contents that are proper for an appendix.

To be crystal clear: Temu is not raising "a procedural roadblock" to pertinent citations. *See* Answering Brief, at p. 6. Rather, Temu is attempting to preserve the integrity of the appellate process and appellate filings. Temu notes that prevailing parties are entitled to costs for an appendix, so there are financial consequences arising from the filing of improper appendices.

3

Eakins' arguments are all off-point distractions.

Temu is not arguing that there is any *technical formatting* flaw with Eakins' supplemental appendix (yes, it has a cover, index, etc.). Temu's point is that the sole content of the supplemental appendix is improper.

Eakins also argues that the rules do not *explicitly preclude* the inclusion of a new decision. But this interpretation—that "everything not expressly precluded is allowed"—is absurd. The rules also do not expressly preclude supplying a comic book in a supplemental appendix. It should be clear that Eakins is being intentionally obtuse. The purpose of a supplemental appendix is apparent from the rules and from all norms of standard appellate practice.

Moreover, this Court's local rules already provide instruction as to what Eakins should have done if she wished to file an appendix containing the *Smith* decision (or any other extra-record material): Seek permission from the Court. This Court's Rule 30.2(B) regarding supplemental appendices asserts that "[n]o other appendix may be filed except by order of the court." Because Eakins' appendix does not conform with this Court's Rule 30.2(A)(1) (stating that a supplemental appendix includes materials omitted from the appellant's appendix), at best it might qualify as an "other appendix" and therefore may only be filed with permission. If an appellee's supplemental appendix could properly contain *any* material the appellee "believes should be

included," then Rule 30.2(B) would be rendered superfluous (as would Fed. R. Civ. P. 28(j) and its procedure for submitting "pertinent and significant authorities [that] come to a party's attention after the party's brief has been filed").

Finally, Eakins searches for ways to distinguish Temu's authorities illustrating that courts can and do strike or refuse to consider material when it was either not within the record or when the offering party did not seek permission to file it. For example, Eakins points out that *Luon v. Aguilar*, 412 F.App'x 160, 165 (10th Cir. 2011) involved the court striking an *appellant's* appendix for failure to comply with this Court's Rule 30.2(B) instead of an *appellee's* appendix. That is a distinction without a difference, and only serves to underscore the universal applicability of Rule 30.2(B) to everyone. More importantly, Eakins offers no authority whatsoever to support her argument that her supplemental appendix is proper.

To reiterate: Temu does not dispute that Eakins is free to cite to the *Smith* case in its brief—as Eakins has done, and as Temu will do in its reply brief. But Eakins should not be allowed to file a supplemental appendix with improper contents. Eakins also improperly uses her opposition on a matter of appellate procedure as an opportunity to try to make substantive points, e.g., arguing that Temu does not dispute the Smith is "directly on point." Opp., at p. 2. Temu certainly *does*

dispute the application of *Smith*, and will appropriately raise that argument in its forthcoming Reply Brief.

For the reasons above, Eakins' supplemental appendix is improper and should be stricken.

September 5, 2024                    Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: *s/ Benjamin G. Shatz*
   *Attorney for Appellant*
   Whaleco Inc. d/b/a Temu